IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

FREDERICK MCGRATH,

   Plaintiff,

      v.

WILLIE L. WILLIAMS *et al.*,

   Defendants.

Civil Action No. 8:13-cv-00833-AW

## MEMORANDUM OPINION

Pending before the Court is Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment ("Motion to Dismiss"). The Court has reviewed the record and deems a hearing unnecessary. For the following reasons, the Court **GRANTS** Defendant's Motion to Dismiss.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On February 16, 2010, from the Circuit Court for Prince George's County ("State Court"), Plaintiff obtained a judgment in his favor against Defendant Willie L. Williams ("Williams"), a private citizen, in the amount of $33,800.[1] On April 12, 2012, to collect on the judgment, Plaintiff petitioned the State Court for a writ of garnishment ("Writ") against the U.S.

---

[1] Although Williams is listed as a Defendant, he is a nominal Defendant inasmuch as the dispute is between Plaintiff and Defendant Tomiko Banks, in her capacity as an employee of the U.S. Department of Agriculture. Therefore, in granting Banks's Motion to Dismiss, the Court properly dismisses the action as to both Defendants.

1

Department of Agriculture ("the Agency"), which at the time employed Williams. The State Court issued the Writ on April 20, 2012.

Plaintiff, acting through counsel, served the Writ on the Agency. In June 2012, Defendant Tomiko Banks ("Banks") received the Writ. Banks worked in the Agency's human resources department and was responsible for processing the Writ. Banks noted a deficiency in the Writ and requested Plaintiff's attorney to submit an amended writ ("New Writ"). Plaintiff asserts that he submitted the New Writ in July 2012. Subsequently, pursuant to federal regulations, Banks garnished 25% of Williams's net pay, which came to $745.18. In August 2012, Banks sent Williams correspondence stating that the Agency had received the New Writ and would garnish his pay by $754.18 until the outstanding balance was satisfied.

Plaintiff asserts that the Agency sent him three checks between September and October 2012. According to Plaintiff, two of these checks were for $745.18 and the third was for $200.43. At some point, Williams accessed the Agency's Employee Personnel Page, which allows federal employees to make payroll changes online without notifying HR, and changed his tax withholding to have $2,179 of this net pay exempted. This reduced his net pay to $200.62, which fell below the limit at which his wages could be garnished under federal law. In total, the Agency garnished $1,609.98 of Williams's pay. Williams stopped working for the Agency on December 1, 2012.

Plaintiff pressed his case in State Court. On November 30, 2012, Plaintiff moved the State Court to order Banks to show cause "why she should not be held in contempt and required to pay attorney's fees and costs" based on her alleged failure to comply with the New Writ. Doc. No. 2. On February 13, 2013, the State Court ordered Banks to show cause why she should not be held in contempt. Doc. No. 3.

The Agency removed the case on March 19, 2013 pursuant to 28 U.S.C. § 1442. The Agency generally argues that the Court lacks jurisdiction over Plaintiff's claims because of sovereign immunity and because the dispute is moot. *See* Doc. No. 6-1. Plaintiff filed an Opposition in which he failed to address some of the Agency's dispositive arguments. *See* Doc. No. 7-1. The Agency has replied.

## II.  STANDARD OF REVIEW

"[I]f the governmental entity challenges jurisdiction under Rule 12(b)(1) . . . the court is free to consider exhibits outside the pleadings 'to resolve factual disputes concerning jurisdiction.'" *Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 205 (4th Cir. 2002) (quoting *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995)). In other words, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Williams*, 50 F.3d at 304 (citation and internal quotation marks omitted). These authorities are consistent with the Supreme Court's obiter dictum that "if subject-matter jurisdiction turns on contested facts, the trial judge may be authorized to review the evidence and resolve the dispute on her own." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citations omitted). In some cases, it may behoove the trial court to conduct an evidentiary hearing to resolve the disputed facts that underpin subject matter jurisdiction. *See Kerns v. United States*, 585 F.3d 187, 193 (4th Cir. 2009); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a measure is unnecessary here because the Parties do not contest the facts relevant to the Court's analysis.

## III.  ANALYSIS

The United States, as a sovereign, is generally immune from suit except where a statute expressly waives sovereign immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475–76 (1994). This sovereign immunity extends to the agencies of the United States and its employees where

they act in the scope of their federal employment. *See id.*; *accord Smith v. Cromer*, 159 F.3d 875, 879 (4th Cir. 1998). Waivers of sovereign immunity must be narrowly construed, and any doubts must be resolved in favor of the sovereign. *See United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992). Courts must dismiss suits against federal agencies and employees initiated in state court absent a clear showing that Congress intended to permit the suit to be instituted in state court. *See Bullock v. Napolitano*, 666 F.3d 281, 285–86 (4th Cir. 2012). Parties suing the United States bear the burden to prove that a waiver of sovereign immunity would permit the exercise of jurisdiction. *See Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). A federal court's jurisdiction under 42 U.S.C. § 1442 upon removal is derivative of the jurisdiction of the state court. *See Smith*, 159 F.3d at 879. Consequently, where "the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal [under § 1442]." *Id.*

"[P]ay from an agency to an employee is subject to legal process in the same manner and to the same extent as if the agency were a private person." 5 U.S.C. § 5520a(b). "[U]nder § 5520a(b)[,] it is only the employee's 'pay' that is made 'subject to legal process.'" *First Va. Bank v. Randolph*, 110 F.3d 75, 78 (D.C. Cir. 1997). "The statute defines 'legal process' to mean 'any writ, order, summons, or similar process in the nature of a garnishment, that . . . orders the employing agency of such employee to withhold an amount from the pay of such employee, and make a payment of such withholding to another person, for a specifically described satisfaction of a legal debt of the employee.'" *Randolph*, 110 F.3d at 79 (quoting 5 U.S.C. § 5520a(a)(3) & (a)(3)(B)). The end result of these provisions is that "§ 5520a(b) does not permit [plaintiffs] to recover damages from the United States for its failure to garnish the wages of its employees." *Id.* at 80; *see also* 5 C.F.R. § 581.305(e)(2) ("Neither the United States, any disbursing officer, nor

4

any governmental entity shall be liable under this part to pay money damages for failure to comply with legal process.").

The Constitution limits the jurisdiction of the federal courts to the adjudication of actual cases and controversies. U.S. Const. art. III, § 2. When a case or controversy ceases to exist, the litigation is moot and a federal court no longer possesses jurisdiction to hear the case. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). Black's Law Dictionary defines "moot case" as "[a] matter in which a controversy no longer exists; a case that presents only an abstract question that does not arise from existing facts or rights." Black's Law Dictionary (9th ed. 2009).

In this case, the Court lacks jurisdiction to decide Plaintiff's claims. Banks performed the challenged duties in the scope of her federal employment and Plaintiff has not identified an applicable exception to sovereign immunity. Nor did any statute authorize Plaintiff to sue Banks in state court. Although Plaintiff asserts that 5 U.S.C. § 5520a(b) empowers her to sue Banks, this argument is misguided. Section 5520a(b) states that it makes only the "pay" a federal employee subject to "legal process," not employees who process the pay. Further, Plaintiff does not seek to subject Banks to "legal process" as defined in the statute because this action is not "in the nature of a garnishment," Rather, it is in the nature of damages, and Williams no longer even works for the agency. In a carefully reasoned opinion, the D.C. Circuit confirmed this reading of § 5520a(b). Plaintiff has identified no contrary controlling authority, and the few cases he cites are largely irrelevant to the key issues in this case. Moreover, 5 C.F.R. § 581.305(e)(2) provides that federal agencies cannot incur damages liability for failure to comply with legal process under § 5520a(b).

The action also must be dismissed because Plaintiff brought it in State Court. Assuming that § 5520a(b) authorized an action against Banks, Plaintiff has identified no authority

5

empowering him to institute the action in State Court. Although Plaintiff might argue that this Court acquired jurisdiction upon removal, this argument would fail under the derivative jurisdiction doctrine. Plaintiff failed to respond to this argument in his Opposition, which amounts to a concession that the derivative jurisdiction doctrine bars his claims. *See Hawkins v. Leggett*, --- F. Supp. 2d ----, Civil Action No. 12–cv–00623 AW, 2013 WL 3218964, at *25 n.3 (D. Md. June 24, 2013) (citation omitted); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (citation omitted).

Finally, Plaintiff's claims fail because they are moot. The Agency declares, and Plaintiff has not contested, that Williams stopped making enough money to be garnished and no longer works for the Agency. Therefore, as a matter of both law and fact, Banks cannot garnish Williams's wages. Thus, at the very most, this case presents an abstract question that does not arise from existing facts or rights. As a result, the Court lacks jurisdiction to hear the case.

Plaintiff makes a couple of counterarguments, all of which are meritless. Plaintiff appears to argue that one can infer from the laws that shield the United States from damages liability where it garnishes an employee's wages in accordance with the applicable rules that it may incur liability for failing to comply with such rules. The salient flaw in this argument is that "[w]aivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed." *Nordic Village*, 503 U.S. at 33–34 (citation and internal quotation marks omitted); *see also Flory v. United States*, 138 F.3d 157, 160 (5th Cir. 1998) (citing *Lane v. Pena*, 518 U.S. 187, 190–92 (1996)) ("[W]aivers of sovereign immunity are strictly construed and ambiguities in statutory language are construed in favor of immunity . . . ."); *Pipkin v. U.S. Postal Serv.*, 951 F.2d 272, 275 (10th Cir.1991) (citing cases); *Zander v. U.S.*, 843 F. Supp. 2d 598, 607 (D. Md. 2012) (citations omitted). Plaintiff also argues that this Court has inherent contempt power to sanction

6

Banks for her alleged failure to timely and adequately respond to the Writ and New Writ. Although this argument appears to be an end-run around the jurisdictional obstacles the suit faces, the Court notes the existence of contrary authority. *Miller v. Am. Nat'l Bank*, No. 88 C 10909, 1989 WL 44610, at 3 (N.D. Ill. Apr. 26, 1989) (citations omitted) ("[D]isobedience of the order of a state court is not punishable as . . . contempt by . . . a federal court."). Any other arguments that one can glean from Plaintiff's Opposition are picayune and warrant no express consideration.[2]

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's Motion to Dismiss. A separate Order follows.

| August 22, 2013 | /s/ |
|---|---|
| Date | Alexander Williams, Jr.<br>United States District Judge |

---

[2] The question whether Plaintiff could have brought an action under the APA for injunctive relief when Williams worked for the Agency is not before the Court and irrelevant to the issues at hand.